COPIES SENT 1/3/02 @ by

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

DETROY LIVINGSTON,

                Petitioner,

v.

VICTOR HERBERT,

                Respondent.

---

U.S. DISTRICT COURT—N.D. OF N.Y.
**FILED**
JAN - 3 2002
AT _____ O'CLOCK _____
Lawrence K. Baerman, Clerk—Albany

No. 00-CV-1698
(LEK/DRH)

**APPEARANCES:**

DETROY LIVINGSTON
Petitioner Pro Se
87-T-985
Coxsackie Correctional Facility
Post Office Box 999
Coxsackie, New York 12051-0999

HON. ELIOT SPITZER
Attorney General for the
   State of New York
Attorney for Respondent
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

STEVEN H. SCHWARTZ, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

Petitioner pro se Detroy Livingston ("Livingston"), an inmate in the custody of the New York Department of Correctional Services, was convicted after a jury trial in Washington County Court of promoting prison contraband in the first degree. Livingston, a persistent felony offender, was sentenced to eighteen years to life imprisonment to run consecutively with the sentence he was already serving. Livingston now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on four grounds:

(1) The trial court erred in its refusal to move the videotape monitor closer to the jury;

(2) The prosecutor failed to disclose evidence favorable to Livingston;

(3) Livingston received ineffective assistance of counsel; and

(4) The verdict was against the weight of the evidence.[2]

For the following reasons, it is recommended that Livingston's petition be denied.

## I. Background

On May 8, 1996, Livingston was transferred from Attica Correctional Facility in Wyoming County to Great Meadow Correctional Facility in Washington County to

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

[2] Livingston also brought a fifth ground for violation of the Court Reporters Act, 28 U.S.C. § 753, but now asks this Court to permit withdrawal of this ground without prejudice. This request is granted.

facilitate a scheduled civil court appearance. Doc. 4 at 2 [3]; People v. Livingston, 693 N.Y.S.2d 641, 643 (3d Dep't. 1998). At Great Meadow, Livingston gave a large envelope containing smaller envelopes to a correction officer when he was removed from his maximum security special housing unit cell. Id. During inspection of the envelope, a correction officer found a razorblade. Id. Livingston was arrested and indicted for promoting prison contraband.

On June 19, 1997, Linvingston was found guilty and on August 14, 1997, he was sentenced as indicated above. Doc. 3 at Vol. III, 68 & Vol. IV, 22. On February 19, 1998, Livingston's motion to vacate was denied. Doc. 4 at 2; Livingston, 693 N.Y.S.2d at 642-43. Livingston appealed his conviction and the denial of his motion to vacate to the Appellate Division, which affirmed his conviction on June 17, 1999. Id. On January 26, 2000, the New York Court of Appeals denied Livingston leave to appeal. Doc. 5; People v. Livingston, 94 N.Y.2d 881 (2000). This action followed.

## II. Discussion

### A. Procedural Default

In ground one of his petition, Livingston contends that the trial court erred in its refusal to move the videotape monitor closer to the jury. Respondent contends that this ground is procedurally barred because the last state court decided the claim based on an adequate and independent state ground.

A federal habeas court is precluded from reviewing a petition if the state court's

---

[3]"Doc." followed by a number refers to the number of the state court record filed by respondent. Docket No. 8.

3

rejection of the argument rests on "independent and adequate state grounds."  Coleman v. Thompson, 501 U.S. 722, 736 (1991); Jones v. Stinson, 229 F.3d 112, 117 (2d Cir. 2000).  This occurs when the last state court rendering a judgment in the case clearly and expressly held that its judgment rested on a state procedural bar.  Harris v. Reed, 489 U.S. 255, 262 (1989); Jones, 229 F.3d at 118.  Here, Livingston failed to object at trial to the judge's decision not to move the videotape monitor closer to the jury and thus failed to preserve the issue for appeal.  This constitutes a procedural bar under N.Y. Crim. Proc. Law § 407.05(2).

Two exceptions exist, however, which permit a review of a claim otherwise procedurally barred.  First, a review may occur if a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ." Coleman, 501 U.S. at 750; Restrepo v. Kelly, 178 F.3d 634, 638 (2d Cir. 1999). "Cause" requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim in state court," Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 127 (2d Cir. 1995), or that the basis for a claim was not reasonably available to counsel.  Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994).

The only showing of cause and prejudice that Livingston raises is ineffective assistance of counsel.  "A defense counsel's ineffectiveness in failing to properly preserve a claim for review in state court can suffice to establish cause for a procedural default only when the counsel's ineptitude rises to the level of a violation of a defendant's Sixth Amendment right to counsel."  Aparicio v. Artuz, 269 F.3d 78, 92 (2d Cir. 2001) (citing Edwards v. Carpenter, 529 U.S. 446, 451 (2000)).  As discussed in section C(3) infra, Livingston has failed to show that his counsel's performance

4

constituted ineffective assistance. Where, as here, no cause has been demonstrated, a court need not determine whether a petitioner suffered actual prejudice. Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985); Pou v. Keane, 977 F. Supp. 577, 581 (N.D.N.Y. 1997) (Kahn, J.). Therefore, Livingston has not established cause for procedurally defaulting on ground one.

Second, a procedural default may be excused if a petitioner demonstrates that the failure to consider the claim would result in a "fundamental miscarriage of justice," a standard which requires a petitioner to show that he is "actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986); see also Reyes v. Keane, 118 F.3d 136, 138 (2d Cir. 1997). On the record before this Court, Livingston cannot meet this heavy burden. Therefore, ground one should be denied as procedurally barred.

### B. Failure to Disclose Favorable Evidence

Livingston contends in the second ground of his petition that the prosecutor failed to turn over exculpatory material that could have been used to impeach prosecution witnesses. Livingston argues that the prosecutor had a duty to turn over the audiotape and decision documents from Livingston's disciplinary hearing which involved the same matters as his criminal trial. Respondent contends that no evidence which was material was in the prosecutor's possession or control. Alternatively, respondent argues that there is no indication that the requested materials contained evidence favorable to Livingston.

At an April 4, 1997 pretrial hearing, Livingston's trial counsel requested that the prosecutor turn over the audiotape from the prison disciplinary hearing. Pet. at Ex. A, 3.

The prosecutor indicated this would be done. Id. Moreover, even though the prosecutor responded that he was unsure about obtaining other evidence, he never denied the existence of the audiotape or his ability to obtain a copy for defense counsel. Id. According to Livingston and without denial by the respondent, the prosecutor never turned over the requested audiotape or decision documents from the disciplinary hearing.

Under Brady, a prosecutor must turn over favorable evidence to the defense. Brady v. Maryland, 373 U.S. 83, 85 (1963).[4] "There are three components of a true Brady violation: the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; that evidence must have been suppressed by the state, either willfully or inadvertently; and prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 282 (1999). The prosecutor never turned over the requested material which may have contained evidence to impeach prosecution witnesses who testified at both the disciplinary hearing and the trial. Thus, Livingston satisfied the first two prongs of Strickler. Livingston's claim thus turns on whether the violation prejudiced his case -- that is, whether the requested evidence was material. See United States v. Avellino, 136 F.3d 249, 256 (2d Cir. 1999).

---

[4]Livingston asserts this claim in part as a violation of New York Rosario rule. People v. Rosario, 213 N.Y.S.2d 448 (1961) (holding that a prosecutor's failure to deliver a prior statement of a witness to be called at trial constitutes per se error requiring a new trial). This claim, however, alleges a violation of state law, not federal constitutional law, and, therefore, is not cognizable on habeas review. See Padro v. Strack, 169 F. Supp.2d 177, 180 (S.D.N.Y. 2001); Morrison v. McClellan, 903 F. Supp. 428, 429 (E.D.N.Y.1995) ("Any error under Rosario at trial would be a violation of state law, and thus, not subject to review under a petition for a writ of habeas corpus."). Accordingly, to the extent that Livingston asserts this claim under Rosario, that claim should be rejected.

Evidence is material if there is a "reasonable probability" that the result would have been different if the suppressed information had been disclosed to the defense. Strickler, 527 U.S. at 280; see also Avellino, 136 F.3d at 256. Absent such materiality, a Brady violation does not require a reversal. Id. Livingston's conclusory allegation that there are inconsistencies between the witnesses' hearing and trial testimonies is not enough to establish materiality. Without supporting evidence as to the content of the inconsistencies and which witnesses were inconsistent, Livingston has failed to show he was prejudiced. It is recommended that the petition be denied on this ground.

### C. Ineffective Assistance of Counsel

Livingston contends in the third ground of his petition that he received ineffective assistance of counsel for numerous reasons discussed below.

To establish ineffective assistance of counsel, a petitioner must satisfy a two prong test: (1) counsel's performance was deficient, and (2) this deficiency prejudiced the petitioner's defense. See United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668 (1984)). To satisfy the first prong, a court must ask "whether defense counsel's actions were objectively reasonable considering all the circumstances." Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000). This inquiry requires a court to be "highly deferential" to counsel's performance. Strickland, 466 U.S. at 689. Moreover, there is a strong presumption that counsel's conduct at trial was reasonable and that any challenged conduct might be considered sound trial strategy. Kiesser v. New York, 56 F.3d 16, 18 (2d Cir. 1995) (per curiam) (internal quotations omitted); see also Maddox v. Lord, 818 F.2d 1058, 1061 (2d

7

Cir.1987). To satisfy the second prong, a court must determine whether there is a reasonable probability that, but for the deficiency, the outcome of the proceeding would have been different. McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Here, defense counsel presented the theory that Livingston could not have possessed the razorblade and must have been set up. Livingston, 693 N.Y.S.2d at 644. Counsel attacked the credibility of the prosecution witnesses, questioned the correction officers regarding the stringent security measures in order to demonstrate Livingston's lack of opportunity and argued to the jury that the prosecutor's failure to submit the twenty-four hour surveillance videotape of Livingston deserved the inference that the videotape would not show Livingston gaining possession of the razorblade. Id. Therefore, Livingston's counsel's decisions regarding witnesses, objections and submission of evidence were all strategic and deserve a strong presumption of reasonableness.

### 1. Failure to Call Witnesses

Livingston contends his counsel failed to call another prisoner to testify who was an eyewitness. "The decision not to call a particular witness is typically a question of trial strategy that appellate courts are ill-suited to second-guess." United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998). "[A]n appellate court on a cold record should not second-guess such decisions unless there is no strategic or tactical justification for the course taken." Id. "Similarly, counsel's decision as to 'whether to

call specific witnesses -- even ones that might offer exculpatory evidence -- is ordinarily not viewed as a lapse in professional representation.'" United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000) (quoting United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997)). Here, it was reasonable for counsel to rely exclusively on attacking the prosecution's witnesses rather than calling a witness with questionable credibility, biases, hostilities and motives. Furthermore, there is no reason to believe that the jury would have acquitted Livingston if this witness had testified. It is recommended that the petition be denied on this ground.

### 2. Failure to Object

Livingston contends that his counsel failed to object to hearsay evidence and that the prosecutor's failure to lay a foundation for how Livingston obtained the contraband. Assuming Livingston's contentions are true, counsel's decision regarding when to make objections was within his sound trial strategy. Furthermore, counsel did object to the admission of critical evidence, the razor blade, based on the prosecutor's failure to prove chain of custody. Tr. at 36-37.[5] Also, at the end of the prosecutor's case, counsel moved for a dismissal based on the prosecutor's failure to establish a prima facie case. Tr. at 144. Therefore, counsel's performance was not deficient and even if it was, there is no reason to believe the result would have been different. It is recommended that the petition be denied on this ground.

---

[5]"Tr." followed by a number refers to the pages of the transcript of Livingston's trial. The transcript was filed by the respondent with his answer as volumes I-III of the record on appeal. Docket No. 8.

9

### 3. Failure to Submit Evidence

First, Livingston contends that his counsel failed to offer into evidence a videotape that showed a correction officer putting something in the envelope. However, the videotape was admitted in evidence as prosecution exhibit number three and, thus, defense counsel did not need to resubmit the videotape. Tr. at 39. Livingston's counsel replayed the videotape during his cross-examination of a correction officer. Tr. at 45-46. Therefore, there is no basis for Livingston's contention that counsel failed to offer the videotape and counsel's performance was not deficient.

Second, Livingston contends that counsel failed to offer evidence of prior contacts between Livingston and prosecutorial witnesses. It is within counsel's professional judgment whether to cross-examine the prosecution witnesses regarding prior contacts with Livingston. "Decisions whether to engage in cross-examination, and if so to what extent and in what manner, are similarly strategic in nature" and entitled to great deference. United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987). Livingston has failed to demonstrate that this was a necessary line of cross-examination in light of the fact that the witnesses denied any prior significant knowledge of or contact with Livingston on direct examination. Pet. at 16. Thus, counsel's performance was not deficient in this regard.

Third, Livingston contends that counsel failed to obtain fingerprint evidence of the razorblade in order to identify who set him up. However, Livingston presents no evidence that "[such] an investigation would have disclosed information beneficial or material to Livingston's case. See Lindstadt v. Keane, 239 F.3d 191, 200 (2d Cir. 2001). Furthermore, Livingston's counsel may not have wanted to risk the possibility of

finding incriminating evidence and determined it was better to present the defense of a set up through cross-examination. Thus, counsel's performance was not deficient here.

Finally, Livingston contends that his counsel failed to object when the judge refused to move the videotape monitor closer to the jury box. There is nothing in the record to support Livingston's conclusory allegation and even assuming it was true, Livingston presents no evidence to support his allegation that any failure to object affected the outcome. Therefore, counsel's performance was not deficient.

Furthermore, assuming counsel's performance was deficient, there is nothing in the record to support a conclusion that but for this deficiency, Livingston would have been acquitted. Therefore, it is recommended that the petition be denied on this ground.

### D. Verdict Against the Weight of the Evidence

Livingston contends that the verdict was against the weight of the evidence because it was reasonable for the jury to believe that the correction officers set him up.

A defendant who claims that the evidence was not sufficient to sustain a conviction "bears a heavy burden." United States v. Velasquez, 271 F.3d 364, 370 (2d Cir. 2001). The weight of the evidence and the credibility of the witnesses are determinations for the jury and are not grounds for reversal. See United States v. Vasquez, 267 F.3d 79, 91 (2d Cir. 2001); Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). "[T]he critical inquiry on review of the sufficiency of the evidence . . . [is] whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979). This inquiry asks a court to determine if, "after viewing the evidence in the light most favorable to the prosecution[,] .

11

. . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319, see also Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 810 (2d Cir. 2000).

Possession of dangerous contraband requires "a person [be] confined in a detention facility [and] he knowingly and unlawfully . . . . possesses any dangerous contraband." N.Y. Penal Law § 205.25(2) (McKinney 1999). Contraband is defined as "dangerous" if it "is capable of such use as may endanger the safety or security of a detention facility or any person therein." Id. at § 205.00(4). Here, both parties stipulated that Livingston was an inmate confined in a detention facility. Tr. at 169. Additionally, Livingston admitted that a razorblade constituted dangerous contraband. Tr. at 167. Thus, the only question for trial was whether Livingston possessed a razorblade. Correction officer Coutant testified that Livingston gave him a large envelope containing smaller envelopes. Tr. at 33. Coutant frisked the envelopes and felt a hard object in one of the smaller envelopes. Tr. at 33. After calling over the other correction officers, Coutant removed the hard object, which was a razorblade. Tr. at 34, 47, 60, 88-89, 134-35. Thus, there was sufficient evidence for a jury to find that Livingston possessed the razorblade. Furthermore, it was for the jury to determine the credibility of witnesses, not reviewing courts. See United States v. James, 239 F.3d 120, 124 (2d Cir. 2000). It is recommended that the petition be denied on this ground.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**; and

**IT IS ORDERED** that Livingston's request to withdraw his fifth claim without prejudice is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order, by regular mail, upon parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health and Human Servs. 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 2, 2002
       Albany, New York

_David R. Homer_
UNITED STATES MAGISTRATE JUDGE